ROB BONTA, State Bar No. 202668
Attorney General of California
MATTHEW M. DAVIS, State Bar No. 202766
Supervising Deputy Attorney General
GIOVANNI F. MEJIA, State Bar No. 309951
Deputy Attorney General
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  P.O. Box 85266
  San Diego, CA 92186-5266
  Telephone:  (619) 738-9072
  Fax:  (619) 645-2061
  E-mail:  Giovanni.Mejia@doj.ca.gov
*Attorneys for Defendants Medical Board of
California and Kristina Lawson*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SIMONE M. GOLD, M.D.,**<br><br>Plaintiff,<br><br>v.<br><br>**MEDICAL BOARD OF CALIFORNIA, KRISTINA LAWSON, and DOES 1 to 20,**<br><br>Defendants. | 2:23-cv-02387-JAM-JDP<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER TO PREVENT CALIFORNIA MEDICAL BOARD HEARING FROM PROCEEDING ON NOVEMBER 13, 2023**<br><br>Date:         November 7, 2023<br>Time:        1:30 p.m.<br>Dept:        6<br>Judge:      The Honorable John A. Mendez |

# TABLE OF CONTENTS

**Page**

Introduction ................................................................................................................................. 1

Background .................................................................................................................................. 1

    I.      The Medical Board of California ................................................................................ 1

    II.     Plaintiff's Allegations ............................................................................................... 2

Standard of Review ..................................................................................................................... 3

    I.      There Is No Imminent Irreparable Harm Alleged in Connection with the
           Board's Hearing on the Accusation. ......................................................................... 4

    II.     The Court Should Deny Plaintiff's Motion for the Independent Reason
           That She Has Unduly Delayed Seeking Relief. ........................................................ 5

    III.    Plaintiff Has Failed to Demonstrate a Likelihood of Success on the Merits. ......... 7

           A.      This Court Should Abstain from Enjoining a Pending State
                     Proceeding Such As the Board's Disciplinary Action. .............................. 7

           B.      Plaintiff's Claims Are Barred by the Eleventh Amendment. ...................... 8

           C.      Defendants Are Entitled to Absolute Immunity. ........................................ 9

    IV.    The Balance of the Equities Does Not Tip in Plaintiff's Favor and an
           Injunction Is Against Public Interest. ........................................................................ 9

Conclusion ................................................................................................................................ 11

i

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Alliance for Wild Rockies v. Cottrell*
632 F.3d 1127 (9th Cir. 2011)............................................................................................ 3

*Amazing Insurance, Inc. v. Dimanno*
2019 WL 3406941 (E.D. Cal. July 26, 2019) ...................................................................... 4

*Arnett v. Dal Cielo*
14 Cal.4th 4 (1996) ....................................................................................................... 9, 10

*Austin v. State Indus. Ins. Sys.*
939 F.2d 676 (9th Cir. 1991)............................................................................................... 8

*Baldwin v. Sebelius*
2010 WL 2384588 (S.D. Cal. June 10, 2010)...................................................................... 5

*Brooks v. Sulphur Springs Valley Elec. Co.*
951 F.2d 1050 (9th Cir. 1991)............................................................................................. 8

*Buckwalter v. Nevada Bd. of Medical Examiners*
678 F.3d 737 (9th Cir. 2012)............................................................................................... 7

*Butz v. Economou*
438 U.S. 478 (1978) ............................................................................................................ 9

*Cross Culture Christian Center v. Newsom*
445 F.Supp.3d 758 (E.D. Cal. May 5, 2020) ...................................................................... 3

*Garcia v. Google. Inc.*
786 F.3d 733 (9th Cir. 2015) .............................................................................................. 7

*Gomez v. Vernon*
255 F.3d 1118 (9th Cir. 2001)........................................................................................... 10

*Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*
415 U.S. 423 (1974)............................................................................................................ 4

*Griffiths v. Superior Court*
96 Cal.App.4th 757 (2002)................................................................................................ 10

*Imbler v. Pachtman*
424 U.S. 409 (1976)............................................................................................................ 9

*Krain v. Medical Bd.*
  71 Cal.App.4th 1416 (1999)......................................................................................... 10

*Lax v. Bd. of Medical Quality Assurance*
  116 Cal.App.3d 669 (1981).......................................................................................... 11

*Matanky v. Bd. of Medical Examiners*
  79 Cal.App.3d 293 (1978)............................................................................................ 11

*Middlesex County v. Garden State Bar Ass'n*
  457 U.S. 423 (1982)........................................................................................................ 7

*Mishler v. Clift*
  191 F.3d 998 (9th Cir. 1999)......................................................................................... 9

*Mitchell v. Los Angeles Community College Dist.*
  861 F.2d 198 (9th Cir. 1989).......................................................................................... 8

*Natural Resources Defense Council v. California Dep't of Tranp.*
  96 F.3d 420 (9th Cir. 1996)............................................................................................ 8

*Olsen v. Idaho State Bd. of Med.*
  363 F.3d 916 (9th Cir. 2004).......................................................................................... 9

*Papasan v. Allain*
  478 U.S. 265 (1986)........................................................................................................ 9

*Pennhurst State Sch. & Hosp. v. Halderman*
  465 U.S. 89 (1984).......................................................................................................... 8

*Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*
  506 U.S. 139 (1993)........................................................................................................ 8

*Seminole Tribe of Fla. v. Florida*
  517 U.S. 44 (1996).......................................................................................................... 8

*Sharma v. City of Redding*
  2017 WL 915371 (E.D. Cal. Mar. 8, 2017) ................................................................... 7

*Shea v. Board of Medical Examiners*
  81 Cal.App.3d 564 (1978)............................................................................................ 10

*Stormwater Sys., Inc. v. Reitmeyer*
  2014 WL 6775249 (E.D. Cal. Dec. 1, 2014)................................................................. 6

# TABLE OF AUTHORITIES
## (continued)

Page

*Taylor v. List*
880 F.2d 1040 (9th Cir. 1989).................................................................................. 8

*Teen Rescue v. Becerra*
2019 WL 1572934 (E.D. Cal. April 11, 2019)........................................................ 4

*Univ. of Texas v. Camenisch*
451 U.S. 390 (1981)................................................................................................ 4

*Winter v. Nat. Res. Def. Council, Inc.*
555 U.S. 7 (2008)........................................................................................... 3, 7, 9

*Woo v. Flagstar Bank, FSB*
2013 WL 1500450 (E.D. Cal. Apr. 10, 2013)......................................................... 5

*Ex Parte Young*
209 U.S. 123 (1908)............................................................................................ 8, 9

*Younger v. Harris*
401 U.S. 37 (1971).............................................................................................. 7, 8

**STATUTES**

U.S.C.
§ 1752 (a)(1) Title 18 ............................................................................................. 2

42 U.S.C.
§ 1983.................................................................................................................. 6, 9

Cal. Bus. & Prof. Code
§ 101 (b)................................................................................................................. 9
§ 2001 (a)............................................................................................................... 9
§ 2001.1 ................................................................................................................. 1
§ 2004 .................................................................................................................... 1
§ 2004 (a)............................................................................................................. 10
§ 2004 (e)............................................................................................................. 10
§ 2008.................................................................................................................. 2, 6
§ 2220 .................................................................................................................... 1
§ 2227 .................................................................................................................... 1
§ 2230 .................................................................................................................... 1
§ 2234 .................................................................................................................. 10
§ 2236.................................................................................................................. 10

Cal. Code of Civ. Proc.
§ 1094.5.......................................................................................................... 5, 7, 8

Cal. Gov. Code
   § 11425.40 (b) ................................................................................................ 2
   § 11425.40 (c) ................................................................................................ 2
   § 11450.05 ...................................................................................................... 4
   § 11450.10 ...................................................................................................... 4
   § 11500-11513 ............................................................................................ 1, 4
   § 11512 (c) ................................................................................................. 2, 6
   § 11517 ........................................................................................................... 5
   § 11517 (c)(1) .......................................................................................... 2, 4, 6
   § 11517 (c)(2) ................................................................................................ 2
   § 11523 ...................................................................................................... 5, 7

California's Medical Practice Act ................................................................................ 1

**CONSTITUTIONAL PROVISIONS**

First Amendment ................................................................................................ 3, 11

Eleventh Amendment ....................................................................................... 7, 8, 9

**COURT RULES**

L.R. 230(b) .......................................................................................................... 5

L.R. 231(b) ....................................................................................................... 4, 5

Defs' Opposition to Plaintiff's Motion for Temporary Restraining Order to Prevent CA Med Board Hearing from
Proceeding on Nov 13, 2023 (2:23-cv-02387-JAM-JDP)

# INTRODUCTION

Plaintiff Simone M. Gold, M.D. (Plaintiff) seeks a temporary restraining order and preliminary injunction to prevent a Medical Board of California (Board) hearing scheduled to commence November 13, 2023. That hearing will adjudicate an Accusation filed by the Board's Executive Director on January 30, 2023, alleging that Plaintiff subjected her California medical license to discipline by her conviction for a misdemeanor substantially related to the qualifications, functions or duties of a physician and surgeon, and general unprofessional conduct. Plaintiff's request for a temporary restraining order fails to assert, much less establish, any cognizable immediate or irreparable harm necessitating such extraordinary relief. Any such claim is further undermined by Plaintiff's delay in presenting her request to this Court. Plaintiff further has failed to establish a likelihood of success on the merits and the balancing of the equities weighs in Defendants' favor.

# BACKGROUND

## I. THE MEDICAL BOARD OF CALIFORNIA

Defendant Medical Board of California enforces and administers the state's Medical Practice Act including investigation of complaints and professional discipline. Cal. Bus. & Prof. Code §§ 2220 and 2227. Defendant Kristina Lawson (Lawson) is a member of the Board. The Board holds responsibility for enforcement of California's Medical Practice Act, the administration and hearing of disciplinary actions, determining discipline, and suspending, revoking or otherwise limiting licenses at the conclusion of disciplinary actions. Cal. Bus. & Prof. Code § 2004.

In exercising its disciplinary authority, protection of the public is the Board's highest priority. Cal. Bus. & Prof. Code § 2001.1. Board disciplinary proceedings are subject to the California Administrative Procedure Act's provisions for formal administrative hearings. Cal. Bus. & Prof. Code § 2230. Licensees subject to discipline are therefore afforded a hearing before a neutral administrative law judge (ALJ) and procedural safeguards providing for notice, discovery, the taking of evidence, the issuance of subpoenas and the right to examine and cross-examine witnesses. Cal. Gov. Code §§ 11500-11513. At the conclusion of the evidentiary

1

1 | hearing, the ALJ prepares and delivers a proposed decision to the Board. Cal. Gov. Code

2 | § 11517(c)(1). The Board can adopt the proposed decision, make certain changes to it, reject it

3 | and refer the matter for further evidentiary proceedings before the ALJ, or reject the proposed

4 | decision and decide the case itself. Cal. Gov. Code § 11517(c)(2).

5 |      A licensee can request the disqualification of a member of the Board by filing an affidavit

6 | stating the grounds upon which it is claimed the Board member is disqualified. Cal. Gov. Code

7 | § 11512(c). It is not alone or in itself grounds for disqualification, without further evidence of

8 | bias, prejudice, or interest, that a Board member has expressed a view on a legal, factual, or

9 | policy issue presented in the proceeding. Cal. Gov. Code §§ 11425.40(b) and (c). The request

10 | shall be determined by the other members of the Board. Cal. Gov. Code § 11512(c).

11 |      The Board can also appoint panels from its members for the purposes of carrying out its

12 | disciplinary functions, including review and consideration of proposed orders after hearing. Cal.

13 | Bus. & Prof. Code § 2008.

14 | **II.    PLAINTIFF'S ALLEGATIONS**

15 |      On October 19, 2023, Plaintiff filed a Complaint for Declaratory Relief, Injunctive Relief,

16 | and Damages (Complaint). (ECF No. 1.) On October 30, 2023, Plaintiff filed a Notice of Motion

17 | and Motion for Temporary Restraining Order and Preliminary Injunction to Prevent California

18 | Medical Board Hearing from Proceeding on November 13, 2023 (TRO Motion). (ECF No. 8-1.)

19 |      As relevant to the TRO Motion, Plaintiff's Complaint alleges that Accusation No. 800-

20 | 2021-074424 (Accusation) was filed before the Board on January 30, 2023 seeking discipline of

21 | Plaintiff's medical license. (Complaint, ECF No. 1, p. 18; Complaint, Exh. D, ECF No. 1-1, pp.

22 | 15-21, 31.) The Accusation alleged two causes for discipline against Respondent: conviction of a

23 | crime substantially related to the qualifications, functions, or duties of a physician and surgeon,

24 | and general unprofessional conduct, arising from a conviction of a misdemeanor violation title 18,

25 | U.S.C. section 1752 (a)(1). (Complaint, ECF No. 1, p. 18; Complaint, Exh. D, ECF No. 1-1, p.

26 | 20-21.) The hearing on the Accusation is scheduled to commence November 13, 2023.

27 | (Complaint, ECF No. 1, p. 18.)

28 |

In her instant TRO Motion, Plaintiff requests a TRO to protect Plaintiff's First Amendment rights and because she claims she cannot have a fair and impartial hearing before the Board. (TRO Motion, ECF No. 8-1, p. 2.) By way of explanation for waiting until October 30, 2023 to file the TRO Motion, Plaintiff offers that she

> does not believe it would have been possible to bring this Request for [TRO] at an earlier date, given that Plaintiff was hoping to persuade the [Board] NOT to proceed with taking disciplinary action at the Pre-Hearing Conference and Mandatory Settlement Conference that [Plaintiff's counsel] and [Board] counsel attended on September 22, 2023…In addition, Plaintiff requested that the President of the California Medical Board, all members of the Board and staff having bias against Dr. Gold recuse themselves from further involvement with her case, making this request in the form of an affidavit…as of September 12, 2023….

(Declaration of Heather Gibson in Support of [TRO Motion], ECF No. 8-2, p. 3.)

**STANDARD OF REVIEW**

A party seeking a temporary restraining order must establish: (1) the moving party is likely to succeed on the merits; (2) the moving party is likely to suffer irreparable harm absent preliminary relief; (3) the balance of equities tips in the moving party's favor, and (4) an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In the Ninth Circuit, courts may also issue temporary restraining orders when there are "serious questions going to the merits" and a "balance of hardships that tips sharply towards the plaintiff" so long as the remaining two *Winter* factors are present. *See Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). "When applying either test, courts operate with the understanding that a temporary restraining order, much like a preliminary injunction, is an 'extraordinary and drastic remedy.'" *Cross Culture Christian Center v. Newsom*, 445 F.Supp.3d 758, 765 (E.D. Cal. May 5, 2020) (*citing Munaf v. Geren*, 553 U.S. 674, 690 (2008)). A plaintiff must "make a showing on all four prongs" of the *Winter* test to obtain a preliminary injunction or TRO. *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1135 (9th Cir. 2011). "The propriety of a temporary restraining order, in particular, hinges on a significant threat of irreparable injury [ ] that must be imminent in nature." *Cross Culture Christian Center v. Newsom*, 445 F.Supp.3d at 765 (*quoting Gish v. Newsom*, 2020 WL 1979970, at *3 (C.D. Cal. April 23, 2020) (*citing Simula, Inc. v. Autoliv, Inc.*, 175 F.3d. 716, 725 (9th Cir. 1999);

3

1    *Caribbean Marine Serv. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988)); *see also Amazing*

2    *Insurance, Inc. v. Dimanno*, 2019 WL 3406941, at *3 (E.D. Cal. July 26, 2019).

3           "Temporary restraining orders are emergency measures, intended to preserve the status quo

4    pending a fuller hearing on the injunctive relief requested, and the irreparable harm must

5    therefore be clearly immediate." *Teen Rescue v. Becerra*, 2019 WL 1572934, at *2 (E.D. Cal.

6    April 11, 2019). The Eastern District of California's local rules further specify that the Court will

7    consider "whether the applicant could have sought relief by motion for preliminary injunction at

8    an earlier date without the necessity for seeking last-minute relief by motion for temporary

9    restraining order." E.D. Cal. L.R. 231(b).

10   **I.    THERE IS NO IMMINENT IRREPARABLE HARM ALLEGED IN CONNECTION WITH THE
            BOARD'S HEARING ON THE ACCUSATION.**

11

12          Plaintiff has failed to advance any imminent irreparable harm inherent to the

13   commencement of the Board's scheduled disciplinary proceedings, or that she has acted with due

14   diligence to justify the extraordinary relief of a temporary restraining order. The purpose of a

15   temporary restraining order is to preserve the relative positions of the parties until such time as the

16   court can rule on a noticed motion for a preliminary injunction, *Granny Goose Foods, Inc. v. Bhd. of*

17   *Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974), while "[t]he purpose of a preliminary

18   injunction is merely to preserve the relative positions of the parties until a trial on the merits can be

19   held," *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

20          Before the Board can take disciplinary action against a medical license, the licensee is

21   entitled to a formal administrative hearing subject to procedural protections including, but not

22   limited to, an evidentiary hearing on the merits, discovery, and the issuance of subpoenas. Cal.

23   Gov. Code, §§ 11450.05, 11450.10, 11500-11513. Within 30 days following the conclusion of the

24   evidentiary hearing, the administrative law judge (ALJ) that presided over the hearing prepares a

25   proposed decision and delivers it to the Board. Cal. Gov. Code, § 11517(c)(1). The Board then

26   has 100 days following receipt of the proposed decision to issue an order to adopt it, make certain

27   changes to the proposed decision, reject the proposed decision and refer the matter for further

28   evidentiary proceedings before the ALJ, or reject the proposed decision and decide the case itself.

                                                  4

Cal. Gov. Code, § 11517. Once the Board arrives at a final decision, a licensee is entitled to judicial review of that decision by the Superior Court of California. Cal. Gov. Code, § 11523; Cal. Code of Civ. Proc., § 1094.5.

Simply stated, the Accusation remains pending and Plaintiff can point to no actual imminent action against her medical license. In fact, her conclusory claims that such disciplinary action is a foregone conclusion are largely undercut by her allegations that the Board has closed, without any disciplinary action, four investigations not dealing with her criminal conviction. (Complaint, ECF No. 1, pp. 2-3; Plaintiff's Memorandum of Points and Authorities in Support of Motion for TRO, ECF No. 8, p. 7.) Ultimately, in the context of the California Administrative Procedure Act's procedural safeguards and timelines, Plaintiff has failed to offer tangible harm that is imminent or irreparable such that she could not have filed a properly noticed motion for preliminary injunction. *See* E.D. Cal. L.R. 230(b) (requiring motions to be set for hearing not less than twenty-eight days after service and filing); *see*, *e.g.*, *Baldwin v. Sebelius*, 2010 WL 2384588, at \*2 (S.D. Cal. June 10, 2010) (TRO denied where there were "no allegations that Plaintiffs will suffer any specific harm between now and the regularly scheduled motion for preliminary injunction"); *Woo v. Flagstar Bank, FSB*, 2013 WL 1500450, at \*1 (E.D. Cal. Apr. 10, 2013) (citing *Baldwin* and denying TRO where the plaintiffs sought to enjoin a trustee sale that was "nearly a month away").

**II. THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR THE INDEPENDENT REASON THAT SHE HAS UNDULY DELAYED SEEKING RELIEF.**

Local Rule 231(b) provides that "[i]n considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order." E.D. Cal. L.R. 231(b). Should the Court find undue delay, it may find the delay contradicts the movant's claim of irreparable injury and deny the motion on that ground alone. *Id.*

Plaintiff's motion raises the exact circumstances the local rule is intended to avoid, and the Court should deny it on that basis. As set forth in greater detail above, Plaintiff asserts that the Accusation setting forth the Executive Director's allegations against Plaintiff, was filed with the

5

1    Board on January 30, 2023. (Plaintiff's Complaint, ECF No. 1, p. 18; Complaint, Exh. D,

2    ECF No. 1-1, pp. 15-21, 31.) Even assuming they provided reasonable bases to delay the filing of a

3    complaint and properly noticed motion for preliminary injunction, Plaintiff's purported reasons for

4    delaying the instant request occurred on September 12 and 22, 2023 (filing of an affidavit seeking the

5    recusal of Lawson and other members of the Board having bias against Plaintiff, and participation in a

6    pre-hearing and mandatory settlement conference in the Accusation matter). (Declaration of Heather

7    Gibson in Support of [TRO Motion], ECF No. 8-2, p. 3.)

8        Any assertion that the purported absence of a response to Plaintiff's recusal request

9    necessitated delay of her TRO Motion is unavailing. (See ibid.) As discussed in greater detail

10    above, an ALJ will preside over the evidentiary hearing in this matter and a proposed decision is

11    not yet before the Board. Cal. Gov. Code § 11517(c)(1). The other members of the Board can

12    determine Plaintiff's request for recusal, or a panel of the Board not subject to any such request

13    can consider the proposed decision. See Cal. Bus. & Prof. Code § 2008 and Cal. Gov. Code

14    § 11512(c). In the meantime, Plaintiff offers no allegations or authority demonstrating she was

15    entitled to any response to her recusal request.

16        Despite her knowledge of the Accusation pending before the Board since January 30, 2023, and

17    her alleged engagement efforts, Plaintiff did not file her complaint seeking declaratory and injunctive

18    relief under 42 U.S.C. section 1983 until October 19, 2023. (ECF No. 1.) Even then, the complaint

19    was not accompanied by a motion for temporary restraining order. Rather, Plaintiff waited another

20    eleven days to file the TRO Motion presently before the Court. (ECF No. 8-1.) Plaintiff could have

21    sought the same relief by a motion for preliminary injunction at any point over the past approximately

22    ten months, but instead elected to delay until two weeks prior to the Board's scheduled hearing.

23        Aside from the fact that Plaintiffs' purported harm is speculative and neither imminent nor

24    irreparable, and aside from the incurable deficiencies of the merits of the complaint not yet fully

25    raised in this opposition, Plaintiffs have delayed in seeking relief such that the delay belies any claim

26    of imminent irreparable injury. The motion should be denied on that basis alone. *See, e.g.*, *Stormwater*

27    *Sys., Inc. v. Reitmeyer*, 2014 WL 6775249, at *4 (E.D. Cal. Dec. 1, 2014) ("Plaintiffs' delay militates

28    against the showing of imminent and irreparable harm required for preliminary injunctive relief.

Because Plaintiffs have not treated this situation as an emergency over the preceding months, the Court will not grant relief on an emergency basis."); *Sharma v. City of Redding*, 2017 WL 915371, at *2 (E.D. Cal. Mar. 8, 2017) (same).

## III. PLAINTIFF HAS FAILED TO DEMONSTRATE A LIKELIHOOD OF SUCCESS ON THE MERITS.

If a movant fails to establish a likelihood of success, the court generally need not consider the other three *Winter* factors for preliminary injunctions. *Garcia v. Google. Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc). Plaintiff's claims are barred by doctrines of abstention, the Eleventh Amendment, and absolute immunity.

### A. This Court Should Abstain from Enjoining a Pending State Proceeding Such As the Board's Disciplinary Action.

The Supreme Court has directed federal courts to abstain from enjoining prosecutions in state courts. *Younger v. Harris,* 401 U.S. 37, 45 (1971). "Since the beginning of this country's history, Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Id.* at 43. *Younger* applies to state civil prosecutions. *Middlesex County v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982). It applies to state proceedings against physicians. *See Buckwalter v. Nevada Bd. of Medical Examiners,* 678 F.3d 737, 747-48 (9th Cir. 2012). If state proceedings are ongoing, implicate "important state interests" and provide adequate opportunity to raise constitutional challenges, federal courts should abstain from interfering. *Middlesex County v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The instant matter satisfies each of these elements. Plaintiff's Complaint and TRO Motion are premised on an ongoing Board disciplinary proceeding. It is "self-evident" that the Board's disciplinary proceedings implicated the "important state interest of ensuring quality healthcare." *See Buckwalter v. Nevada Bd. of Medical Examiners,* 678 F.3d 737, 747 (1982). Finally, the availability of judicial review of the Board's decision, as provided by California Government Code section 11523 and Code of Civil Procedure section 1094.5, provides adequate opportunity

////

////

7

to raise federal constitutional challenges. *See ibid.* Accordingly, *Younger* abstention forecloses the relief Plaintiff seeks in her Complaint and TRO Motion.

### B. Plaintiff's Claims Are Barred by the Eleventh Amendment.

The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991); *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies, as well as actions where the state itself is named as a defendant. *See Natural Resources Defense Council v. California Dep't of Tranp.*, 96 F.3d 420, 421 (9th Cir. 1996); *Brooks*, 951 F.2d at 1053; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1989).

Here, Defendants Medical Board of California, and Lawson in her official capacity as a member of the Board,[1] are immune from suit. Congress has not abrogated California's sovereign immunity and California has neither consented to nor waived its sovereign immunity regarding the legal theories alleged in the Complaint and asserted in the TRO Motion. To the extent Plaintiff seeks monetary damages, any such claims are barred by the Eleventh Amendment.

In *Ex Parte Young*, 209 U.S. 123, 159-160 (1908), the Supreme Court held that the Eleventh Amendment did not bar a suit to enjoin a state official from enforcing an unconstitutional statute. Here, the Complaint does not allege that Defendant Lawson is enforcing an unconstitutional statute. Rather, Plaintiff alleges, at most, that the procedures for or circumstances surrounding the Board's disciplinary proceeding have violated her constitutional rights. (Complaint, ECF No. 1, pp. 33-45.) "[T]he theory of *Young* has not been provided an expansive interpretation." *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 102 (1984).

> *Young* . . . does not insulate from Eleventh Amendment challenge every suit in which a state official is the named defendant. In accordance with its original rationale,

---

[1] Plaintiffs has named Defendant Lawson only in her official capacity. (*See* Complaint, ECF No. 1.)

8

*Young* applies only where the underlying authorization upon which the named official acts is asserted to be illegal.

*Papasan v. Allain,* 478 U.S. 265, 277 (1986).

### C.    Defendants Are Entitled to Absolute Immunity.

Judges and prosecutors functioning in their official capacity are accorded absolute immunity, including for claims under 42 U.S.C. § 1983. *Olsen v. Idaho State Bd. of Med*., 363 F.3d 916, 922 (9th Cir. 2004) (internal citations omitted); *see also Imbler v. Pachtman*, 424 U.S. 409 (1976). "Absolute immunity may also be extended to state officials who are not traditionally regarded as judges or prosecutors if the functions they perform are similar to those performed by judges or prosecutors." *Butz v. Economou*, 438 U.S. 478, 513–17 (1978); *Mishler v. Clift*, 191 F.3d 998, 1002 (9th Cir. 1999); *Olsen*, 363 F.3d at 923.

The Ninth Circuit has recognized that State medical boards and their officers are entitled to absolute immunity for the non-ministerial acts they commit in performing their duties. *Olsen v. Idaho State Bd. of Med*., 363 F.3d 916, 925-26 (9th Cir. 2004); *Mishler v. Clift*, 191 F.3d 998, 1005-07 (9th Cir. 1999). Even if Defendants' duties did fall within the *Ex Parte Young* exception to Eleventh Amendment immunity, they are entitled to absolute immunity insofar as they operate in a quasi-judicial function.

### IV.    THE BALANCE OF THE EQUITIES DOES NOT TIP IN PLAINTIFF'S FAVOR AND AN INJUNCTION IS AGAINST PUBLIC INTEREST.

In exercising sound discretion, a district court "must balance the competing claims of injury and consider the effect of granting or withholding the requested relief," paying "particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter*, 555 U.S. at 24.

Defendants are the Board, and one of its members in her official capacity, which is an administrative health care oversight agency within the California Department of Consumer Affairs. Cal. Bus. & Prof. Code §§ 101(b) and 2001(a). The Board, acting under various names, has been a "key instrument" in the regulation of the practice of medicine since its statutory creation in 1876. *Arnett v. Dal Cielo* 14 Cal.4th 4, 7 (1996). "Since the earliest days of regulation the Board has been charged with the duty to protect the public against incompetent, impaired, or

9

negligent physicians, and, to that end, has been vested with the power to revoke medical licenses on grounds of unprofessional conduct [citation]." (*Ibid*.) Consistent with its overall mission, the Board is statutorily responsible for, among other things, "enforcement of the disciplinary and criminal provisions of the Medical Practice Act" and "[r]eviewing the quality of medical practice carried out by physician and surgeon certificate holders under the jurisdiction of the [B]oard." Cal. Bus. & Prof. Code § 2004, subds. (a), (e).

Specifically, the Board is statutorily required to investigate and take disciplinary action against a physician's license based on unprofessional conduct. *See Griffiths v. Superior Court*, 96 Cal.App.4th 757, 768 (2002). This authority is derived from "the state's inherent power to regulate the use of property to preserve the public health, morals, comfort, order, and safety." *Griffiths v. Superior Court* 96 Cal.App.4th 757, 768-769 (2002); citing *Arnett v. Dal Cielo* 14 Cal.4th 7 (1996).

When a government agency is involved, it must "be granted 'the widest latitude in the dispatch of its own internal affairs,'" *Gomez v. Vernon*, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting *Rizzo v. Goode*, 423 U.S. 362, 378-79 (1976)), and "[w]hen a state agency is involved, these considerations are, in anything, strengthened because of federalism concerns," *Gomez*, 255 F.3d at 1128. "[A]ny injunctive relief awarded must avoid unnecessary disruption to the state agency's 'normal course of proceeding.'" *Id*. at 1128 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 501 (1974)).

Unprofessional conduct under California Business and Professions Code section 2234 is conduct which breaches the rules of the ethical code of the medical profession, or conduct which is unbecoming to a member in good standing of the medical profession, and which demonstrates an unfitness to practice medicine. *Shea v. Board of Medical Examiners,* 81 Cal.App.3d 564, 575 (1978). Unprofessional conduct can include, but is not limited to, "conviction of any offense substantially related to the qualifications, functions, or duties of a physician and surgeon…." Cal. Bus. & Prof. Code § 2236. Courts have recognized the Board's authority to evaluate the nature of convictions in broad contexts and impose discipline for acts not directly implicating patient care. *See*, *e.g.*, *Krain v. Medical Bd.*, 71 Cal.App.4th 1416, 1419-26 (1999) [subordination of perjury;

10

*Lax v. Bd. of Medical Quality Assurance*, 116 Cal.App.3d 669, 672-77 (1981) [possession and

distribution of cocaine]; *Matanky v. Bd. of Medical Examiners*, 79 Cal.App.3d 293 (1978)

[Medicare fraud].

Balancing this compelling public interest against Plaintiffs' claimed harm—i.e., the tenuous

and speculative claim that the scheduled commencement of a disciplinary proceeding based on a

criminal conviction infringes on Plaintiff's First Amendment rights or deprives her of a fair

hearing—it is clear that the equities swing away from Plaintiff in Defendants' favor.

## CONCLUSION

Because Plaintiff's motion for a temporary restraining order unjustifiably seeks

extraordinary relief, was unduly late, is devoid of likelihood of success on the merits, and does

not enjoy a favorable balancing of the equities, Defendants respectfully request that this Court

deny her request for a temporary restraining order and preliminary injunction.


Dated:  November 1, 2023                          Respectfully submitted,

                                                  ROB BONTA
                                                  Attorney General of California
                                                  MATTHEW M. DAVIS
                                                  Supervising Deputy Attorney General



                                                  /s/ Giovanni F. Mejia, Esq.

                                                  GIOVANNI F. MEJIA
                                                  Deputy Attorney General
                                                  *Attorneys for Defendants*
                                                  *Medical Board of California and*
                                                  *Kristina Lawson*

SD2023305558
84227461.docx

Defs' Opposition to Plaintiff's Motion for Temporary Restraining Order to Prevent CA Med Board Hearing from
Proceeding on Nov 13, 2023 (2:23-cv-02387-JAM-JDP)

<h1 style="text-align:center">CERTIFICATE OF SERVICE</h1>

Case Name:   **Gold v. MBC, et al.**          No.    **2:23-cv-02387-JAM-JDP**

I hereby certify that on <u>November 1, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER TO PREVENT CALIFORNIA MEDICAL BOARD HEARING FROM PROCEEDING ON NOVEMBER 13, 2023**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>November 1, 2023</u>, at Los Angeles, California.

| J. Sissov | /s/ J. Sissov |
|-----------|---------------|
| Declarant | Signature |

SD2023305558
84227442.docx